ONEIDA OYER AND TERMINER, December 17, 1823. Before *Walworth,* Circuit Judge, and the County Judges.

## THE PEOPLE *vs.* JOHN P. HARTWELL.

Verbal agreements as to proceedings upon an indictment made by parties and their counsel, in the presence of a court of Oyer and Terminer, will be enforced, if the court has jurisdiction of the case to which they refer. But jurisdiction of an indictment pending in another court can not be conferred by such an agreement.

But where, under such an agreement, the prisoner gave bail to appear at the next court of Oyer and Terminer, the court refused to discharge him from such recognizance, on the ground of the general jurisdiction of the court over all crimes and offences, and required the prisoner to give bail to appear in the court in which the indictment was pending.

The prisoner had been indicted at the court of General Sessions of the Peace in Oneida county, and the indictment had been removed by *certiorari* into the Supreme Court, (*a*) but the *certiorari* had not been returned. At a former term of this court, a verbal agreement had been made by the public prosecutor and the counsel for the prisoner, in the presence of the court, that the indictment should be tried in the Oyer and Terminer at the present term, and the defendant gave bail for his appearance at this time.

*Jonas Platt,* of counsel for the prisoner, moved to put off the trial of the cause on an affidavit of Hartwell that the agreement had been entered into by his counsel without his consent, and that he was not ready for trial and had not come prepared, on the supposition that the cause could not be tried. From the facts shown on the part of the public prosecutor, there was reason to believe the only object of the prisoner was delay.

WALWORTH, *Circuit Judge.*—Verbal agreements, made in the presence of the court, will be enforced; but the great dif-

ficulty in this case is that the court had not jurisdiction in the case. The indictment being removed from the sessions by certiorari, it is in the Supreme Court, and this court can only have jurisdiction of the indictment by its being sent here by *procedendo,* or *certiorari,* and thereby leave the indictment as it was before the filing of the certiorari. At the time the agreement between the parties was made in the presence of the last court of Oyer and Terminer, that court not being possessed of the cause, the whole proceeding was *coram non judice,* and could not give jurisdiction to the court.

*Platt* insisted that the prisoner should be discharged from his recognizance, on the ground that the court had no jurisdiction to take it, having no jurisdiction of the case.

WALWORTH, *Circuit Judge.*—Although the court of Oyer and Terminer had no jurisdiction over this particular indictment, which had been removed into the Supreme Court, yet it had general jurisdiction over all crimes and offences, and might take surety for the peace, or a recognizance to appear at the next court of Oyer and Terminer to answer any indictment which might be found. He has voluntarily entered into a recognizance, and he can not, under the particular circumstances of this case, be discharged therefrom, unless he will consent to give new bail to appear in the Supreme Court from time to time, and at the next Circuit Court in this county, where the trial on this indictment might be had.

The prisoner gave new bail to appear at the next Circuit Court, to have his trial on the indictment and to appear in the Supreme Court on the return of the *postea,* and gave a written stipulation to plead the general issue to the indictment in the Supreme Court, forthwith, and was thereupon discharged from his former recognizance.